O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7750 PSG (JCGx) | Date | January 3, 2012 |
|---|---|---|---|
| Title | Tim Jones, et al. v. ADT Security Services, Inc. | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:  (In Chambers) Order GRANTING Motion to Remand**

Before the Court is Plaintiffs' motion to remand to state court. Dkt. #12. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court GRANTS the motion to remand.

I.  Background

Plaintiffs Tim Jones, Andrew Rodriguez, and Terrance Lee ("Plaintiffs") filed a complaint alleging the following causes of action on behalf of a class of non-exempt or hourly paid individuals who worked as service technicians for Defendant ADT Security Services, Inc. ("Defendant" and "ADT") in California from August 6, 2007 to the present: (1) failure to pay overtime wages in violation of California Labor Code §§ 510 and 1198; (2) failure to pay minimum wages in violation of California Labor Code §§ 1194, 1197 and 1197.1; (3) failure to compensate for split-shifts in violation of Labor Code §§ 1197 and 1198 and California Code of Regulations Title 8, Section 11040 Subdivision 4(c); (4) failure to provide accurate wage statements in violation of California Labor Code §

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7750 PSG (JCGx) | Date | January 3, 2012 |
|---|---|---|---|
| Title | Tim Jones, et al. v. ADT Security Services, Inc. | | |

226(a); (5) violation of Labor Code §§ 2698, et seq. ("PAGA"); and (6) unfair competition within the meaning of California Business and Professions Code § 17200.

On September 19, 2011, Defendant removed the case to federal court, invoking diversity jurisdiction. Dkt. #1. On October 21, 2011, Plaintiff brought the present motion to remand the case to state court. Dkt. #12.

II.     Legal Standard

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 679-80 (9th Cir. 2006). Under traditional diversity jurisdiction, the suit must be between citizens of different states and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). Under the Class Action Fairness Act ("CAFA"), diversity jurisdiction exists where the citizenship of the defendant and at least one member of the plaintiff class are diverse, the aggregate number of proposed plaintiffs is 100 or greater, and the amount in controversy is greater than $5,000,000. *See* 28 U.S.C. § 1332(d); *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007). In all diversity cases, the proponent of federal jurisdiction bears the burden of showing the statutory jurisdictional requirements are met. *See Abrego Abrego,* 443 F.3d at 685.

A court "cannot base [its] jurisdiction on a [d]efendant's speculation and conjecture." *Lowdermilk*, 479 F.3d at 1002. Rather, a defendant must set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). In addition to the contents of the removal petition and the allegations in the complaint, the court considers "summary-judgment-type evidence relevant to the amount in controversy at the

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7750 PSG (JCGx) | Date | January 3, 2012 |
|---|---|---|---|
| Title | Tim Jones, et al. v. ADT Security Services, Inc. | | |

time of removal," such as affidavits or declarations. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (internal quotation marks omitted).

III.    Discussion

Plaintiffs seek remand of this action to state court because of a purported lack of traditional diversity jurisdiction and CAFA diversity jurisdiction. The parties do not dispute that the numerosity requirement of CAFA is met, nor do the parties dispute that the requirement of diversity is met. The Court concurs that, based on the allegations in the Complaint, these requirements are met for both types of diversity jurisdiction.

The parties have two principle disputes regarding the amount in controversy requirements. First, the parties differ on the standard of proof Defendant must meet to establish diversity jurisdiction exists. Defendants argue the appropriate burden of proof is the preponderance of the evidence, while Plaintiffs argue that legal certainty is the correct burden. Second, the parties contest whether Defendant has met the applicable burden of proof. The Court will address each issue in turn.

    a.    Burden of Proof

As noted, a removing defendant bears the burden to establish that the amount in controversy is sufficient. In the Ninth Circuit, removing defendants are held to varying standards of proof depending on the allegations in a complaint. Where a complaint fails to plead a specific amount of damages, including where a complaint is unclear or ambiguous, then a defendant is held to a preponderance of the evidence standard for jurisdiction. *Lowdermilk,* 479 F.3d at 998; *see also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). On the other hand, if the complaint alleges an amount in controversy less than the jurisdictional amount, then defendant must prove jurisdiction exists to a legal certainty. *Lowdermilk*, 479 F.3d at 1000. The first step in the Court's analysis is, therefore, to examine the amount in controversy allegations in the Complaint.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7750 PSG (JCGx) | Date | January 3, 2012 |
|---|---|---|---|
| Title | Tim Jones, et al. v. ADT Security Services, Inc. | | |

The Complaint states:

Based upon information, investigation and analysis as of the filing date of this complaint, Plaintiffs allege that the amount in controversy for each class representative, including claims for monetary damages, restitution, and a pro rata share of attorneys' fees, is less than seventy-five thousand dollars ($75,000) and that the aggregate amount in controversy for the proposed class action, including monetary damages, restitution and attorneys fees, is less than five million dollars ($5,000,000), exclusive of interests and costs.  Plaintiffs reserve the right to seek a larger amount based upon new and different information resulting from investigation and discovery.  *Compl.* ¶ 1.

On its face, the Complaint alleges the amounts in controversy are less than the statutory minimums for diversity jurisdiction.  Nonetheless, Defendant argues the Complaint is ambiguous.  First, Defendant argues that Plaintiffs' reservation of rights in the last sentence quoted above creates an ambiguity.  *See Opp.* 9:4-16.  The Court disagrees.  The "reservation of rights" language used by the Plaintiffs states nothing more than what Plaintiffs would already have the right to do.  If Plaintiffs find "based upon new and different information resulting from investigation and discovery" that their potential recovery is larger, then they could seek to amend their Complaint.  In other words, the "reservation of rights" does not add anything material to the Complaint, and, thus, cannot create an ambiguity as to the amount of damages Plaintiffs are seeking at this time.

Furthermore, if Plaintiffs were to later exercise those rights "reserved" and amend the Complaint to allege greater damages, then Defendant would have another thirty-day period in which to remove this case to federal court.  *See* 28 U.S.C. § 1446(b) ("If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7750 PSG (JCGx) | Date | January 3, 2012 |
|---|---|---|---|
| Title | Tim Jones, et al. v. ADT Security Services, Inc. | | |

of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . ."). Ordinarily, this right to remove based on a later filing is limited to the first year after an action is filed. *See id.* ("[A] case may not be removed on the basis of [diversity jurisdiction] more than 1 year after commencement of the action."). However, this limitation does not apply to cases removable under CAFA. 28 U.S.C. § 1453(b) (providing that the one year limitation under § 1446(b) does not apply to class actions). Therefore, Defendant is protected from the possibility that Plaintiffs could plead below the jurisdictional threshold now, wait out Defendant's right to remove, and then amend to allege a larger amount in controversy.

Second, Defendant argues that Plaintiffs' statement quoted above only applies to "monetary damages, restitution, and attorneys fees." *See Opp.* 8:23-28. Defendant contends that this statement does not include the other potential amounts in controversy, such as the statutory penalties and disgorgement remedies that Plaintiffs request in their Prayer for Relief. This argument misconstrues the Complaint. The plain language of the jurisdictional statement encompasses all of the relief that Plaintiffs seek. The Complaint states the "amount in controversy for each class representative" is less than $75,000, and "the aggregate amount in controversy for the proposed class action" is less than $5,000,000. The words "including monetary damages, restitution, and attorneys fees" do not render the amount in controversy ambiguous. As a matter of plain English, the word "including" indicates that the list is representative, not comprehensive. In contrast, by using the exact words "amount in controversy," Plaintiffs have specifically stated that their entire potential recovery will fall below the jurisdictional thresholds. *See Castillo v. Apple Core Enters., Inc.*, No. 09-CV-1622 H(RBB), 2009 WL 2849124, at *1-2 (S.D. Cal. Sept. 1, 2009) (applying the legal certainty standard where plaintiff alleged "the amount in controversy does not reach or exceed Five Million Dollars"). Plaintiffs, as masters of their Complaint, have appropriately chosen to unambiguously limit their potential recovery in order to avoid federal jurisdiction. *Lowdermilk*, 479 F.3d at 999

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JS-6

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-7750 PSG (JCGx) | Date | January 3, 2012 |
|---|---|---|---|
| Title | Tim Jones, et al. v. ADT Security Services, Inc. | | |

("[I]t is well established that the plaintiff is 'master of her complaint' and can plead to avoid federal jurisdiction.").

Because Plaintiffs have alleged that their case does not meet the diversity jurisdiction thresholds required for federal court, Defendant must establish with legal certainty that the amounts in controversy exceed the statutory minimums.

      b.      Amount in Controversy

"The 'legal certainty' standard sets a high bar for the party seeking removal, but it is not insurmountable." *Lowdermilk*, 479 F.3d at 999. In order to meet its burden, Defendant proffers the declaration of Douglas Cuellar, ADT's Human Resource Center HRIS Manager. Cuellar manages ADT's payroll, time, and attendance systems. *Cuellar Decl.* ¶ 3. He created a list of all service technicians that worked for ADT in California during the Class Period described by Plaintiffs. *Id.* ¶¶ 7, 8. Cuellar found there were 759 technicians that worked as hourly, non-exempt employees. *Id.* ¶ 11. He then calculated the total number of pay periods that these technicians cumulatively worked during the Class Period. *Id.* ¶ 13. He also calculated the average hourly wage of these employees during that period. *Id.*

Based on Cuellar's findings as to the relevant employees, Defendant made calculations of the amount in controversy for each of Plaintiffs' claims for relief: 1) for the first claim, Defendant alleges $16,284 for each named plaintiff and $10,121,232 for the class; 2) for the second claim, Defendant alleges $21,600 for each named plaintiff and $6,927,300 for the class; 3) for the third claim, Defendant alleges $4,000 for each named plaintiff and $2,938,900 for the class; 4) for the fourth claim, Defendant alleges $54,280 for each named plaintiff and $33,737,440 for the class;[1] 5) for the fifth claim, Defendant

---

[1] Defendant's chart lists "$333,737,440" for the class amount in controversy for this claim. *Opp.* 22:4-5. However, this appears to be a typo, as elsewhere

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7750 PSG (JCGx) | Date | January 3, 2012 |
|---|---|---|---|
| Title | Tim Jones, et al. v. ADT Security Services, Inc. | | |

alleges $10,300 for each named plaintiff and $2,385,671 for the class; and 6) for attorney fees, Defendant alleges $26,616 for each named plaintiff and $14,027,635 for the class. *Opp.* 21:23-22:10. In total, Defendant asserts the amount in controversy is $133,080 for each named plaintiff and $70,138,178 for the Class. *Opp. 22:11-16*. The Court will assess each of Defendant's calculations to ascertain whether Defendant has carried its burden.

     1.    <u>Overtime Wage Claims</u>

The First Cause of Action alleges Defendant failed to pay class members overtime wages. *Compl.* ¶ 50. Defendant estimated the amount in controversy by determining the average overtime pay rate of the 759 putative class members, and multiplying that amount by two hours of overtime for each weekly pay period. *See Opp.* 13:18-15:11.

Defendant explains that the two hours unpaid overtime figure was based on Plaintiffs' assertions in the Complaint that class members "worked in excess of eight (8) hours in a day and in excess of forty (40) hours in a week," that they "worked off-the-clock," and that "ADT's timekeeping system routinely failed to capture all of the hours Plaintiffs and class members worked including time spent preparing to drive specified routes, time spent traveling to and from job sites, and time spent after work dealing with work related issues with supervisors." *Opp.* 14:1-10. Defendant contends its two hours of overtime per week estimation is "quite conservative." *Opp.* 14:10.

Defendant's estimation of two hours of overtime per work per employee is overly speculative and cannot meet the legal certainty standard of proof. Defendant has provided no evidence or opinion from any of Defendant's employees that the estimation of two hours has any basis in fact. With no evidentiary basis, there is no reason why a figure of 20 minutes of overtime or 20 hours of overtime would have any more or less

---

Defendant lists this figure as "$33,737,440." *Opp.* 19:7.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7750 PSG (JCGx) | Date | January 3, 2012 |
|---|---|---|---|
| Title | Tim Jones, et al. v. ADT Security Services, Inc. | | |

legitimacy than the two hour figure.  With good reason, a speculative guess of two hours of overtime per employee per pay period has been rejected before in this judicial district. *See Badia v. Countrywide Fin. Corp.*, CV 10-7995 PA (VBKx), 2010 U.S. Dist. LEXIS 123438, at *6-7 (C.D. Cal. Nov. 8, 2010) (holding defendants' assumption of two unpaid overtime hours per week per class member was "the type of speculation and conjecture that are insufficient to show that the amount in controversy exceeds $5,000,000").  While Defendant is not required to prove the merits of Plaintiffs' case, such baseless speculation cannot satisfy this Court's duty to examine whether it has jurisdiction to hear this case.

2. <u>Minimum Wage Claims</u>

The Second Cause of Action alleges class members were not paid the minimum wages required by California law.  *Compl.* ¶ 54.  These allegations are largely based on the same allegations as the First Cause of Action; when Defendant failed to pay class members for overtime wages, Defendant necessarily failed to pay class members their minimum wages per hour.  *See id.*  Under California Labor Code § 1197.1, Defendant would be liable for $100 for the initial failure to timely pay each employee minimum wages, and $250 for each subsequent failure to pay.

Defendant "conservatively" estimates that each named Plaintiff was not paid the minimum wage once every weekly pay period and that each class member was not paid the minimum wage once every other pay period.  *Opp.* 16:13-21.  Again, Defendant offers no evidence for its speculative assumptions.  Defendant even fails to offer any rationale as to why the violation rate should be different for the named Plaintiffs as opposed to other class members.  These calculations are speculative and fail to meet the legal certainty standard.

3. <u>Non-Compliant Wage Statement Claims</u>

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7750 PSG (JCGx) | Date | January 3, 2012 |
|---|---|---|---|
| Title | Tim Jones, et al. v. ADT Security Services, Inc. | | |

The Fourth Cause of Action alleges Defendant "intentionally and willfully" failed to provide employees with accurate wage statements in accord with California Labor Code § 226. *Compl.* ¶¶ 70, 71. These allegations are once again largely predicated on Defendant's failure to pay employees for all hours worked. *Id.* ¶ 71. Under the Labor Code, an employee is entitled to recover the greater of all actual damages or $50 for an initial violation and $100 for each subsequent violation, up to a maximum penalty of $4,000. Cal. Labor Code § 226(e).

Defendant asserts that it is entitled to assume a maximum violation rate of $4,000 per class member for this cause of action, because Plaintiffs make no specific allegations as to the exact amount of damages for this claim. *Opp.* 17:8-19. Defendant's assumption of a maximum violation rate is unfounded speculation. There are no allegations in the Complaint to support this assumption and Defendant provides no other evidence to support this assumption. Defendant justifies its assumption of a 100% violation rate by relying on *Muniz v. Pilot Travel*, No. CIV. S-07-0325 FCD EFB, 2007 WL 1302504, at *4 (E.D. Cal. May 1, 2007). However, *Muniz* applied the preponderance of the evidence standard and not the legal certainty standard. Courts applying the legal certainty standard have found that assumptions of maximum violation rates are unduly speculative. *See Campbell v. Vitran Express, Inc.*, No. CV-10-04442-RGK(SHx), 2010 U.S. Dist. LEXIS 132071, at *10 (C.D. Cal. Aug. 16, 2010); *Riddoch v. McCormick & Schmicks Seafood Rests., Inc.*, No. CV 09-7127 ODW (MANx), 2010 U.S. Dist. LEXIS 65799, at *9-10 (C.D. Cal. June 28, 2010). Defendant carries the burden to prove to a legal certainty that Plaintiffs' averment that they are seeking less than the statutory minimum amounts in controversy is false. Simply assuming, with no factual basis, maximum violation rates will not meet that burden.

    4.    <u>Meal and Rest Break Claims</u>

The Fifth Cause of Action alleges Defendant failed to provide class members with required meal and rest breaks. *Compl.* ¶¶ 80-82. Defendant estimates class members

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-7750 PSG (JCGx) | Date | January 3, 2012 |
|---|---|---|---|
| Title | Tim Jones, et al. v. ADT Security Services, Inc. | | |

"would claim to have missed one meal period and one out of two rest periods per day." *Opp.* 18:20-22. Defendant justifies this violation rate because "the Complaint suggests that Plaintiff and the class did not receive any full meal breaks and were often prevented from taking rest breaks." *Id.* 18:17-19. However, there is no language in the Complaint to support Defendant's estimates. Moreover, contrary to Defendant's assertion, there is nothing in the Complaint that "suggests" the class did not receive any meal breaks at all. As with the wage statement claims, Defendant cannot meet its burden by simply assuming maximum violation rates.

      5.    <u>PAGA Claims</u>

The Fifth Cause of Action also asserts a "PAGA" claim under California Labor Code § 204, which requires full payment of wages semi-monthly. *Compl.* ¶¶ 77-79. Under the statute, each class member is entitled to $100 for an initial violation and $200 for each subsequent violation. Cal. Labor Code § 204. Defendant assumes a maximum violation rate for every class member. *Opp.* 19:22-27. As explained, this does not suffice to meet Defendant's burden.

      6.    <u>Attorney Fees</u>

Plaintiffs seek attorney fees under California Labor Code §§ 1021.5 and 1194. *Compl.* ¶¶ 52, 57, 90. Defendant calculates that the total attorney fees in controversy are 25% of the total amounts in controversy for all of the claims in the Complaint. Putting aside Plaintiffs' dispute that this would be the correct way to calculate attorney fees, Defendant's calculation suffers from a fatal infirmity because it is entirely dependent on Defendant's assumptions and speculation as to damages. As explained above, these estimates are all unduly speculative and cannot meet the legal certainty standard of proof. Multiplying these speculative numbers by 25% cannot create a reliable estimate of attorney fees.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7750 PSG (JCGx) | Date | January 3, 2012 |
|---|---|---|---|
| Title | Tim Jones, et al. v. ADT Security Services, Inc. | | |

       7.     Injunctive Relief

     Defendant argues that the cost of injunctive relief and the appointment of a receiver would "add very substantially to the amount of controversy." *Opp.* 23:1-3. Defendant makes no attempt to estimate these costs and provides no evidence to allow the Court to assess these potential costs. Consequently, Defendant has failed to meet its burden to prove the amount put in controversy by Plaintiffs' request for injunctive relief and appointment of a receiver.

       8.     Aggregate Amount in Controversy

     Every part of Defendant's aggregate calculation is unduly speculative. Such conjecture, without an adequate basis in fact or in the allegations of the complaint, cannot serve to meet Defendant's burden to prove the amount in controversy to a legal certainty. The Court is cognizant of the odd position Defendant is placed in by having to demonstrate Plaintiffs' potential damages. But Defendant does not have an absolute right to have its case tried in federal court. The "dominant note" of diversity jurisdiction is "jealous restriction, of avoiding offense to state sensitiveness, and of relieving the federal courts of the overwhelming burden of 'business that intrinsically belongs to the state courts' in order to keep them free for their distinctive federal business." *Abrego Abrego*, 443 F.3d at 685 (quoting *Indianapolis v. Chase Nat'l Bank,* 314 U.S. 63, 76 (1941)). As masters of their Complaint, Plaintiffs "are not obligated to overstate their damages to satisfy the defendant's interest in a federal forum, but may plead conservatively to secure a state forum." *Lowdermilk*, 479 F.3d at 1003. Plaintiffs have plead conservatively, and Defendant has not met its burden to prove these pleadings are wrong.

IV.    Conclusion

     Based on the foregoing, Plaintiffs' motion to remand is GRANTED. This case is REMANDED to Los Angeles Superior Court.

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-7750 PSG (JCGx) | Date | January 3, 2012 |
|---|---|---|---|
| Title | Tim Jones, et al. v. ADT Security Services, Inc. | | |